UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GRADY WHITAKER, JR. (D-3),

    Defendant-Petitioner.

                                        /

Case No. 15-20388

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255 [177]**

**I. BACKGROUND**

From January 2012 through December 2015, Defendant-Petitioner Grady Whitaker, Jr. and his codefendants knowingly participated in a conspiracy to fraudulently obtain unemployment insurance benefits from Michigan's unemployment insurance program ("MUIA"). Defendant stole the identities of unsuspecting persons, applied for benefits in their names, and directly filed or directed his coconspirators to file claims using the Internet and requesting that benefits be paid via debit cards. Defendant and his coconspirators would request that the debit cards be mailed to addresses they controlled, including to vacant homes to which they had access. Defendant would then use or direct his coconspirators to use the debit cards at automated teller machines to access the unemployment insurance benefit funds for personal use.

On September 7, 2016, Defendant entered a guilty plea pursuant to a Rule 11 Plea Agreement to Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §§ 1341, 1349 (Count One) and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) (Count

Six). (Dkt. # 114). The Court sentenced Defendant to be imprisoned for a term of 44 months as to Count One to run concurrent with a state court sentence, and 24 months as to Count Six to run consecutive to Count One and the state court sentence. (Dkt. # 150). Defendant did not file an appeal.

On November 22, 2017, Defendant filed a timely *pro se* motion to vacate on jurisdictional grounds under 28 U.S.C. § 2255. (Dkt. # 177). The Government filed a response on January 22, 2018. (Dkt. # 181). Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

## II. ANALYSIS

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: (1) an error of constitutional magnitude; (2) that the court was without jurisdiction to impose the sentence; (3) a sentence imposed outside the statutory limits; or (4) an error of fact or law that was so fundamental as to render the entire proceeding invalid. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

Defendant argues that his sentence must be vacated because this Court lacked jurisdiction to adjudicate the charges of Conspiracy to Commit Mail Fraud and Aggravated Identity Theft. Defendant asserts that because the underlying fraud at issue in the case was of the MUIA, a state program that is not federally funded, the Court lacked jurisdiction over the charges.

Under 18 U.S.C. § 3231, this Court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The offenses that Defendant pled guilty to, Conspiracy to Commit Mail Fraud and Aggravated Identity Theft, are offenses against the laws of the United States. In this case, the Government alleged and Defendant admitted to the jurisdictional element, use of the United States mail. Defendant knowingly and voluntarily entered a guilty plea admitting to the use of the United States mail to commit fraud. Accordingly, this Court had jurisdiction to impose the sentence at issue.

The fact that the MUIA is a state program is of no consequence because Defendant admitted to using a federal system, the United States postal service, to commit the crimes charged. Defendant cites *United States v. Holmes*, 111 F.3d 463 (6th Cir. 1997), but that case is inapposite. In *Holmes*, the defendant challenged his convictions for making false statements in violation of 18 U.S.C. § 1001. The court concluded that false statements made to a state agency cannot be said to come within the jurisdiction of any department or agency of the United States where the federal government neither funds the fraudulently obtained state benefit payments, nor has any authority to act upon discovering that the state program has been defrauded. *Id.* at 466. However, in *Holmes*, there was no challenge to the jurisdiction of the court as it related to the mail fraud charges, and the court did not reverse those convictions. Defendant also cites *United States v. Facchini*, 874 F.2d 638, 642 (9th Cir. 1989) (en banc), a case in which the court found that the federal interest in the false statements at issue, also in violation of 18 U.S.C. § 1001, was *de minimis* because the Secretary of Labor was not empowered to act on the false claims of applicants

for the state unemployment benefits. However, in this case, the charges are related to mail fraud and not false statements.[1]

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

---

[1]Additionally, in *Facchini*, the court noted that 18 U.S.C. § 1001's jurisdictional requirement is satisfied where unemployment benefits are paid out of the federal fisc. 874 F.2d at 643. The Government notes that the MUIA unemployment benefits are supplemented by federal funds, citing the American Recovery and Reinvestment Act of 2009, which provides federal assistance to state unemployment insurance programs like the MUIA. *See generally* PL 111-5, February 17, 2009, 123 Stat. 115, 173-74, 437-39.

For the reasons stated in this opinion, the Court will deny Defendant a certificate of appealability because his claim is without merit.

## IV. CONCLUSION

Based upon the foregoing, IT IS ORDERED that the petition for post-conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

        s/ Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2018, by electronic and/or ordinary mail.

        s/ Lisa Bartlett
        Case Manager