UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GRADY WHITAKER, JR. (D-3),

    Defendant.
_____/

Case No. 15-20388

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [187]**

Defendant Grady Whitaker, Jr. is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Terre Haute, Indiana. The matter is before the Court on Defendant's pro se letter motion for compassionate release. (Dkt. 187.) The government opposes the motion. (Dkt. 190.) The Court finds that the facts and legal arguments are adequately presented in the motion and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motion without prejudice.

**I.     Background**

On September 7, 2016, Defendant pled guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341, 1349 (Count One) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Six). (Dkt. 114.) On December 13, 2016, the Court sentenced Defendant to a term of imprisonment of 44-months as to Count One to run concurrent with a state court sentence, and 24-months as to Count Six to

1

run consecutive to Count One and the state court sentence. (Dkt. 150.) Defendant did not file an appeal. The Court later denied a post-conviction motion for relief brought pursuant to 28 U.S.C. § 2255. (Dkt. 183.)

On June 9, 2020, Defendant sent a letter request for compassionate release to the Court. Defendant moves for his release due to the health concerns associated with the COVID-19 pandemic. Defendant also states that he is unable to complete the Residential Drug Addiction Program (RDAP) because of a detainer in state court.

## II. Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i)   extraordinary and compelling reasons warrant such a reduction; . . .
>    . . .
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government argues that Defendant's motion must be denied because he has not satisfied the exhaustion requirement. The government states that it was informed by the BOP that Defendant submitted an administrative request for release on June 27,

2020—almost three weeks *after* filing the motion before the Court. The Sixth Circuit Court of Appeals has held that the exhaustion requirement is mandatory. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Because the government has objected to Defendant's failure to exhaust, the Court must enforce this requirement. *See id.* Thus, Defendant's motion is denied without prejudice. *See id.* at 836. But even if Defendant had exhausted his administrative remedies, he has not shown there are extraordinary and compelling reasons warranting a sentence reduction.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release: (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision. *See* U.S.S.G. § 1B1.13, commentary n.1.

Defendant bases his request on the health concerns associated with the COVID-19 pandemic and states that he has allergies and bronchitis. However, Defendant's risk of contracting the virus is the same as any other inmate in federal custody, and he has not presented any evidence of his medical conditions. Nor are Defendant's concerns regarding his completion of the RDAP program and his detainer in state court extraordinary and compelling reasons warranting a sentence reduction. In fact, it is the responsibility of the BOP, not the courts, to determine which programs (if any) a prisoner may participate in while incarcerated. *See Tapia v. United States*, 564 U.S.

319, 330-31 (2011). In sum, Defendant has not demonstrated he is eligible for compassionate release.[1]

### III. Conclusion

Based upon the foregoing, Defendant's motion is DENIED without prejudice.

SO ORDERED.

>  s/Nancy G. Edmunds
>  Nancy G. Edmunds
>  United States District Judge

Dated: August 4, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2020, by electronic and/or ordinary mail.

>  s/Lisa Bartlett
>  Case Manager

---

[1] Even if there were extraordinary and compelling circumstances in this case, the analysis would not end there. Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Moreover, the Court would be required to consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. See § 3582(c)(1)(A). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. See § 3553(a). The Court need not reach these issues where Defendant has failed to exhaust his administrative remedies and has not shown extraordinary and compelling reasons warranting a sentence reduction.